MOORE, Chief Justice
(concurring specially).
This case presents issues of utmost concern to all citizens of this State: the rights of a natural parent to custody of a minor child, the welfare of that child, and the interpretation of the adoption and custody laws of this State. The facts of this case have been ably presented by both sides, and the issues are now before this Court on application for rehearing filed by the prospective adoptive parents of Baby Boy G. I concur with the Court’s order reversing the judgment of the Court of Civil Appeals, which affirmed the trial court’s termination of C.V.’s parental rights, and remanding this case directly to the trial court for further proceedings to determine the custody of this child. I write specially to explain my rationale for agreeing that that is the correct result in this case. I agree with Justice See’s special writing that a parent can abandon a child before birth and that it is possible for a parent to give, before a child’s birth, implied consent to an adoption.
I cannot agree, however, with the reasoning of some of my respected colleagues, who also write specially, on several important grounds. I believe that it is possible for abandonment, as that term is defined by Ala.Code 1975, § 26-10A-2(l), to occur before a child’s birth when a parent fails to perform parental duties or fails to claim the rights of a parent. I also consider a parent’s conduct before a child’s birth to be relevant evidence indicating that parent’s implied consent to an adoption under Ala.Code 1975, § 26-10A-9.
Alabama law requires that a court, before terminating parental rights, de *703 termine that the parents are unable or unwilling to discharge their parental responsibilities. Ala.Code 1975, § 26-18-7. Initially, the law favors the natural parents of a child by presuming that a child’s best interests are served by placing the child in the custody of its natural parents. However, when a parent has abandoned a child for six months immediately preceding the filing of the petition to terminate the parental rights, that presumption is rebutted, and a new presumption that the natural parent is unwilling or unable to presently care for the child is created. Ala.Code 1975, § 26-18-7(c).
This Court must give deference to the trial court’s finding, based on ore tenus evidence, that the natural father abandoned the child by his prebirth conduct; however, this Court must follow the law as set forth in Ala.Code 1975, § 26-18-7(c). That statute requires that “in any case where the parents have abandoned a child as herein defined and such abandonment continues for a period of six months next preceding the filing of the petition, such facts shall constitute a rebuttable presumption that the parents are unable or unwilling to act as parents.” (Emphasis added.)
On April 10, 1996, C.V. filed an action seeking to obtain custody of his son; since then he has continued actively to seek custody of Baby Boy G. up to this present application for rehearing. The prospective adoptive parents did not file a petition to terminate the C.V.’s parental rights until October 17, 1997. There was no evidence before the trial court that C.V. had abandoned the child six months “next preceding the filing of the petition” on October 17, 1997. Because the prospective adoptive parents have not produced evidence satisfying the statutory requirements of Ala. Code 1975, § 26-18-7(c), there can be no presumption that C.V. was unwilling or unable to act as a parent.
A parent’s conduct before the birth of the child can evince implied consent to an adoption. This was the case even before the 1999 amendment to § 26-10A-9 became effective on June 11, 1999. However, even if this Court were to assume that C.V. had impliedly consented to the adoption of his son, § 26-10A-13, Ala.Code 1975, provides that an express consent to adoption can be withdrawn:
“(a) A consent or relinquishment may be taken at any time, except that once signed or confirmed, may be withdrawn within five days after birth or within five days after signing of the consent or relinquishment, whichever comes last.
“(b) Consent or relinquishment can be withdrawn if the court finds that the withdrawal is reasonable under the circumstances and consistent with the best interest of the child within 14 days after the birth of the child or within 14 days after signing of the consent or relinquishment, whichever comes last.”
Express consent certainly communicates a clearer assent by a parent to an adoption than does implied consent. Logically, if a parent can withdraw express consent to an adoption, a parent can withdraw implied consent to an adoption. If, in fact, we were to conclude that C.V. had impliedly consented to the adoption of this child, C.V.’s actions over the last five years or more have amply demonstrated that he has withdrawn any such implied consent to this adoption.
Therefore, I concur.
SEE, J., concurs.